### UNITED STATES of America
### v.
### Franklin JACEK, Alias Franklin Royce, Alias Frank Stewart, Alias Mrs. Mary Donnley, Appellant.
### No. 13772.

United States Court of Appeals Third Circuit.

Submitted Jan. 22, 1962.

Decided Jan. 26, 1962.

Franklin Jacek, appellant, pro se.

Joseph S. Ammerman, U. S. Atty., W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before KALODNER, STALEY and SMITH, Circuit Judges.

PER CURIAM.

Petitioner filed a motion in the district court to vacate and set aside a judgment entered on a twenty-two count indictment. Counts 1 to 10, inclusive, charged petitioner with receiving postal money orders with the intent that they be passed as genuine. The trial court imposed a five year sentence under Count 1, and a suspended sentence on Counts 2 to 10. For Counts 11 to 20, which charged petitioner with forging money orders, each count referring to a different money order, petitioner received a suspended sentence. Under Counts 21 and 22, petitioner was charged with knowingly possessing a counterfeited postmarking stamp, and with having secreted blank postal money order forms, which were intended to be prepared, issued and put in circulation as obligations of the United States. The court imposed a five year sentence on Count 21, to run concurrently with the sentence imposed on Count 1, and a suspended sentence under Count 22.

The sentencing court granted the motion as to Counts 2 to 10, holding that those counts were a multiplication of the offense charged in Count 1, but denied it in all other regards.

■■ We see no merit in petitioner's claim that the act of receiving stolen postal money orders is not separate from forging such instruments, and that the forging of each separate money order does not constitute a separate offense. United States v. Alaimo, 297 F.2d 604 (C.A. 3, 1961).

■ Petitioner also contends that his plea of guilty was not voluntarily and

knowingly made. The government contends that petitioner has not alleged enough facts to permit us to pass on this question. We have, however, independently reviewed the record and are fully satisfied that it does not sustain the allegation. The record discloses that the petitioner was represented by counsel at every stage of the proceeding in the trial court. It further discloses that he first pleaded not guilty but later changed his plea to guilty. At the time the latter plea was entered, petitioner's trial counsel indicated that some question did exist as to several counts in the indictment but that the matter would not be pressed at that time in order to expedite the proceedings. There is no indication in the colloquy that took place between the district court, counsel, and petitioner that the plea was conditional. Shortly thereafter, petitioner appeared before the sentencing court and again reaffirmed his guilty plea and stated openly, in response to a question asked by government counsel, that he knew of no reason why sentence should not be imposed.

The order of the district court will be affirmed.