**UNITED STATES of America, Appellee,**

v.

**Willard Kenneth O'DELL, Appellant.**

No. 82–2481.

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1983.

Decided Aug. 9, 1983.

Rehearing Denied Sept. 8, 1983.

Shaw, Howlett & Schwartz by C. Clifford Schwartz, Clayton, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Charles A. Shaw, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT, JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Willard Kenneth O'Dell appeals his jury convictions in federal district court for three counts of mail fraud in violation of 18 U.S.C. § 1341. The district court[1] sentenced O'Dell to four years' imprisonment

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

on each of the three counts, with the terms for the first two counts to run consecutively, and the terms for the last count to run concurrently. The district court thus sentenced O'Dell to an aggregate term of eight years' imprisonment. We affirm.

The evidence developed at trial revealed that O'Dell participated in a scheme, known as an "insurance job", to defraud insurance companies. An insurance job occurs when an owner relinquishes his car to an individual and reports the car stolen at a later date. The owner then collects money from his insurance company for the car, and the individual to whom the car is given sells the car for cash. The evidence in this case indicates that O'Dell picked up a car belonging to Nancy Hemmingway. Hemmingway, who was out of work and needed cash, then reported the car as stolen. O'Dell tried to dispose of the car by selling it to an undercover FBI agent.

O'Dell was subsequently indicted and convicted on three counts of mail fraud. These three counts relate to three different mailings. Approximately two months after Hemmingway reported her car as stolen, she came to an agreement with her insurer, State Farm Insurance Company, as to the value of the car. State Farm mailed her that agreement on or about April 7, 1981 (Count I). Thereafter, on April 9, 1981, State Farm mailed a check to General Motors Acceptance Corporation in the amount of $6,747.78 to pay off the indebtedness of Hemmingway on her 1980 Firebird (Count II). Finally, on April 15, 1981, State Farm mailed Hemmingway a $270.32 check to cover the remaining balance of the settlement value of her car (Count III).

O'Dell argues on appeal that the trial court erred in: (1) admitting evidence of other crimes; (2) overruling O'Dell's motion for acquittal because the government did not produce sufficient evidence; (3) failing to give sufficient and proper instructions; and (4) allowing certain tape recordings into evidence.

After a careful review of the record and briefs in this case, we conclude that the district court did not abuse its discretion in any of its evidentiary rulings, and properly refused O'Dell's conspiracy instructions. In addition, our review of the record and briefs reveals that there existed more than sufficient evidence to support the jury verdict and that the trial court properly overruled O'Dell's motion for acquittal.

As a final note, however, we are troubled by the fact that O'Dell has received consecutive sentences of four years on the convictions for two of the three counts of mail fraud. We observe that while there were three separate mailings in this case, there was only one scheme to defraud. We are fully aware that "each use of the mails is a separate offense under this section [18 U.S.C. § 1341], notwithstanding the fact that defendant may have engaged in only a single fraudulent scheme." *United States v. Calvert*, 523 F.2d 895, 914 (8th Cir.1975), *cert. denied*, 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976). Nonetheless, because O'Dell participated only in one scheme to defraud, the district court, on proper motion, may wish to consider (or reconsider), whether a consecutive sentence is justified for a single underlying crime.

Accordingly, we affirm the judgment of the district court.