**UNITED STATES, Appellee,**

v.

**Russell E. PHILLIPS, Appellant.**

**No. 83–1842.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 27, 1984.

Decided Feb. 2, 1984.

Robert G. Ulrich, U.S. Atty., Robert B. Schneider, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Russell Phillips, appellant, pro se.

Before BRIGHT, JOHN R. GIBSON and BOWMAN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Russell E. Phillips appeals from the district court's[1] denial of his motion for a reduction in sentence filed pursuant to Federal Rule of Criminal Procedure 35(b). For reversal Phillips argues that the district court erred by (1) imposing consecutive sentences upon him for separate securities fraud offenses which arose from a single scheme; (2) declining to reduce his sentence after learning that Phillips' codefendants had received significantly shorter sentences than did Phillips; (3) reimposing the same sentence on him after this court reversed two of the six counts on which he was convicted, and remanded for resentencing;

and (4) relying on improper considerations in resentencing him. We affirm.

After a ten month jury trial, Phillips and four other codefendants, Carl L. Bledsoe, Jr., Quentin Darence Cloninger, Thomas B. Moffitt, Jr. and Ronald Stafford were convicted on two counts of violating the Racketeer Influenced and Corrupt Organizations Act (RICO). Phillips, Bledsoe and Cloninger were convicted on two counts of violating 15 U.S.C. §§ 77q(a) and 77x[2] by fraudulently selling securities of a Missouri agricultural cooperative, Progressive Farmers Association. Phillips was convicted on two additional counts of violating sections 77q(a) and 77x by fraudulently selling securities of a Missouri corporation, Progressive Investors. The trial judge sentenced Phillips to fifteen years imprisonment and a $20,000 fine, Bledsoe and Cloninger to ten years imprisonment and a $15,000 fine, and Moffitt and Stafford to five years imprisonment and a $5,000 fine.

On appeal this court reversed Phillips' and his codefendants' convictions on the two RICO counts, vacated the convictions of Bledsoe and Cloninger on the securities fraud counts, and remanded these charges for a new trial. We affirmed Phillips' convictions on the four securities fraud counts. *United States v. Bledsoe,* 674 F.2d 647, 671 (8th Cir.), *cert. denied,* 459 U.S. 1040, 103 S.Ct. 456, 74 L.Ed.2d 608 (1982). Because we reversed Phillips' conviction on the two RICO counts, we remanded his case for resentencing.

Before Phillips was resentenced by Judge Urbom, Bledsoe's, Cloninger's and Stafford's cases were reassigned to another dis-

---

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

2. Section 77q(a) provides:

    (a) It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails directly or indirectly—

    (1) to employ any device, scheme, or artifice to defraud, or

    (2) to obtain money or property by means of any untrue statement of a material fact or

any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

    (3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

Section 77x provides in pertinent part:

    Any person who willfully violates any of the provisions of this subchapter ... shall upon conviction be fined not more than $10,000 or imprisoned not more than five years, or both.

trict judge[3] and they each entered a *nolo contendere* plea to one count of securities fraud. Bledsoe and Cloninger received five year sentences and Stafford a two year sentence. These pleas resulted from plea bargaining agreements which the Government states were entered to avoid a lengthy and expensive retrial. Moffitt also pled guilty to one count of securities fraud and was placed on probation for three years and required to contribute 300 hours of community service. Prior to entering his guilty plea, Moffitt had served eight months in prison.

At Phillips' January 19, 1983, resentencing hearing, Judge Urbom, aware of the final sentences received by the other codefendants, sentenced Phillips to three consecutive five year prison terms and three $5,000 fines on counts three, four and five. On count six the judge imposed another five year sentence and a $5,000 fine, but the execution of this sentence was suspended and Phillips was placed on probation for five years to commence upon his release from prison. Phillips thus was sentenced to a total of fifteen years imprisonment, five years probation and a $20,000 fine, the same sentence he had originally received.[4]

Thereafter Phillips filed a motion for reduction of sentence pursuant to Fed.R. Crim.P. 35(b) which the district court denied. This appeal followed.

Phillips first argues that the district court abused its discretion by resentencing him to three consecutive five year sentences for securities fraud offenses which arose from a single scheme to defraud.[5] As support for this argument he cites *United States v. Moss*, 591 F.2d 428 (8th Cir.1979), a direct appeal from a mail fraud conviction. In *Moss*, this court suggested that in a future Rule 35 proceeding the district court should reconsider the propriety of imposing consecutive sentences for separate mail fraud offenses arising out of a single scheme. *Id.* at 438.

District courts have broad discretion in making sentencing decisions, and once an appellate court determines that a sentence is within statutory limits, the sentence generally is not subject to review.[6] *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972). The maximum penalty for violating 15 U.S.C. § 77q(a), is five years imprisonment and a $10,000 fine. *Id.* § 77x. Phillips' sentence on each count to five years imprisonment and a $5,000 fine is within the statutory limits.

We cannot say that the district court abused its discretion by making the sen-

3. The Honorable Scott O. Wright, United States District Judge, Western District of Missouri.

4. Judge Urbom originally sentenced Phillips to fifteen years on the two RICO counts and fifteen years on the four securities fraud counts; these sentences were to run concurrently. At the resentencing hearing Judge Urbom explained that he fashioned the sentence this way so that if the RICO counts were reversed on appeal, Phillips would still receive the sentence that he deemed appropriate, fifteen years.

5. This court previously concluded that Phillips engaged in two separate schemes to defraud, not one. We found that the scheme to sell Progressive Farmers Association securities (the basis for counts three and four) was distinct from the scheme to sell Progressive Investors securities (the basis for counts five and six). *United States v. Bledsoe*, 674 F.2d at 655–56. Thus, we are dealing here with three consecutive sentences for securities fraud offenses arising out of two schemes to defraud.

6. Phillips' receiving three consecutive sentences for violating 15 U.S.C. §§ 77q(a) and 77x does not present a double jeopardy problem. The double jeopardy clause prohibits courts from imposing consecutive sentences for the "same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). It is well established that under 15 U.S.C. § 77q(a) each fraudulent offer or sale of a security accompanied by the use of the mail or any means or instruments of interstate transportation or communication is a separate offense. *See United States v. Waldman*, 579 F.2d 649 (1st Cir.1978); *United States v. Ashdown*, 509 F.2d 793 (5th Cir.), *cert. denied*, 423 U.S. 829, 96 S.Ct. 48, 46 L.Ed.2d 47 (1975); *United States v. Dioguardi*, 492 F.2d 70 (2d Cir.), *cert. denied*, 419 U.S. 829, 95 S.Ct. 49, 42 L.Ed.2d 53 (1974); *United States v. Aldridge*, 484 F.2d 655 (7th Cir.1973), *cert. denied*, 415 U.S. 921, 94 S.Ct. 1423, 39 L.Ed.2d 477 (1974). Each of the four counts of securities fraud on which Phillips was convicted involved a separate sale to different people.

tences consecutive rather than concurrent. It is apparent from the transcript of the resentencing hearing and from the Memorandum and Order on Phillips' Rule 35 motion that Judge Urbom firmly believed that Phillips' involvement in the schemes to defraud was substantial, and that a significant sentence was necessary to deter Phillips and others from engaging in such fraudulent activity in the future.

Judge Urbom in his order denying the motion for reduction of sentence rejected the alternative to imprisonment by stating:

> Second, the proposed alternative would not adequately reflect the severity of the crimes. I heard massive testimony at the trial regarding the defendant Phillips' activities and have no doubt of his guilt and his unabashed willingness to take money from anybody who has it. The sentence imposed needs to speak to him in a straightforward manner and it needs to speak to any others who may wonder how the law deals with one who has been as directly responsible as Russel[l] Phillips for fraudulent losses.

Judge Urbom in both the resentencing hearing and the order denying the motion for reduction of sentence referred to his usage of alternatives to imprisonment. *See, e.g., United States v. William Anderson Co., Inc.,* 698 F.2d 911 (8th Cir.1982). We can only conclude that the district court gave the most careful consideration to the resentencing and the motion to reduce sentence. We conclude that he did not abuse his discretion.

Further, the language cited by Phillips from *United States v. Moss,* 591 F.2d at 438, does not require that we find an abuse of discretion here. In *Moss* this court did not prohibit the imposition of consecutive sentences for separate fraud offenses arising out of one scheme; rather it suggested that in a Rule 35 proceeding the district court should reconsider the propriety of such consecutive sentences. Judge Urbom *twice* reconsidered the propriety of imposing consecutive sentences on Phillips, at the resentencing hearing and in the Rule 35 proceeding.

■ Phillips next argues that the district court abused its discretion by not reducing his sentence upon learning that his codefendants received substantially shorter sentences. Phillips' situation, however, is not comparable to that of his codefendants. Phillips was convicted on four counts of securities fraud which were affirmed on appeal; two of his codefendants, Bledsoe and Cloninger, were convicted on two counts of securities fraud which were reversed on appeal. And his codefendants, Moffitt and Stafford, were not originally convicted of securities fraud. Each codefendant later pled guilty or *nolo contendere* to one count of securities fraud. Phillips was originally sentenced and resentenced by Judge Urbom; his codefendants were originally sentenced by Judge Urbom but were resentenced by another district court judge. Phillips played a major role in two securities fraud schemes; his codefendants participated in only one of the schemes. Considering these distinctions, we do not find Phillips' sentence to be grossly disparate to his codefendants' sentences.

■ Phillips also argues that the district court abused its discretion by reimposing the same sentence on him after this court reversed his conviction on the RICO counts and remanded for resentencing. The district court at the resentencing hearing fully articulated his reasons for imposing the sentence. His resentencing to fifteen years imprisonment on the securities fraud counts was within statutory limits and hence was not an abuse of discretion.

Phillips' final argument, that the district court relied on improper considerations in resentencing him is also meritless. Phillips has totally failed to explain what improper considerations were relied upon by the district court.[7]

---

7. In his brief Phillips also argues that his conviction on counts three through six for securities fraud must fall because those counts were predicated on his RICO conviction which was reversed on appeal. Phillips did not raise this issue before the district court; therefore, it is not reviewable on appeal. *United States v. Gardner,* 579 F.2d 474, 476 (8th Cir.1978).

Accordingly, the district court's denial of Phillips' motion for reduction of sentence is affirmed.