**Alphonse CASTALDI, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 84–2279.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 17, 1985.

Decided Jan. 31, 1986.

Rehearing Denied Feb. 28, 1986.

Mark A. Brittingham, St. Louis, Mo., for appellant.

James Bennett Clark, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

Alphonse Castaldi (Petitioner) appeals from the District Court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2255. Petitioner contends that (1) the separate and consecutive terms of imprisonment imposed by the District Court exceeded the maximum allowed by law since he committed only a single offense, and (2) even if the sentence does not exceed the maximum allowed by law, the District Court abused its discretion by sentencing him to consecutive terms of imprisonment and by imposing a sentence grossly disparate to those given to his co-defendants. We affirm.

## I.

Pursuant to a plea-bargaining agreement, Petitioner pled guilty to three counts of a four-count indictment charging that he and three other persons counterfeited United States postage stamps (with a face value of approximately $250,000) in violation of 18 U.S.C. § 501. The fourth count charging Petitioner with conspiring to counterfeit postage stamps in violation of 18 U.S.C. § 371 was dismissed on motion of the government. Each of the three counts under 18 U.S.C. § 501 described a different denomination of counterfeited postage

stamps (eighteen cent, twenty cent, and thirty-seven cent). The District Court[1] sentenced Petitioner to consecutive four-year terms of imprisonment on counts I and II and to a concurrent five-year term of imprisonment on count III.

## II.

Petitioner first contends that the District Court erred in imposing separate punishments on each of the three counts under 18 U.S.C. § 501. Petitioner contends that he committed only one act of counterfeiting under section 501, not three separate offenses, and, therefore, that the sentence imposed by the court exceeded the maximum allowed by law. We thus are required to determine the proper unit of prosecution under section 501. In particular, we must determine whether the language of section 501, which proscribes the counterfeiting of "any postage stamp," allows the government to treat each denomination of postage stamps (counterfeited pursuant to one criminal scheme) as a separate unit of prosecution.

■ The allowable unit of prosecution for a federal offense is a matter exclusively within the discretion of Congress, subject only to constitutional limitations. *Bell v. United States*, 349 U.S. 81, 82, 75 S.Ct. 620, 621, 99 L.Ed. 905 (1955); *United States v. Kinsley*, 518 F.2d 665, 666 (8th Cir.1975). "When Congress fails to set the unit of prosecution with clarity, doubt as to congressional intent is resolved in favor of lenity for the accused." *Kinsley*, 518 F.2d at 666.

■ This "rule of lenity," established in the *Bell* case, is a rule of statutory construction to be applied only when congressional intent is ambiguous. In *Bell*, the Supreme Court stated:

When Congress has the will it has no difficulty in expressing it—when it has the will, that is, of defining what it desires to make the unit of prosecution....

When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity.... [I]f Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses....

349 U.S. at 83–84, 75 S.Ct. at 622. Thus, we are presented with the question whether section 501 should be deemed ambiguous. This appears to be an issue of first impression, as our research discloses no case construing section 501 in regard to the allowable unit of prosecution. In making this inquiry, we must examine the statutory language in section 501, its legislative history, and the entire statutory scheme of which it is a part. *Id.* at 83, 75 S.Ct. at 622; *Kinsley*, 518 F.2d at 668.

■ Section 501 provides, in relevant part, that "[w]hoever forges or counterfeits *any postage stamp*, postage meter stamp, or any stamp printed upon any stamped envelope, or postal card, or any die, plate, or engraving thereof ... [s]hall be fined not more than $500 or imprisoned not more than five years, or both." 18 U.S.C. § 501 (emphasis added). We agree with Petitioner that the use of the term "any" does not render the statute unambiguous. As this Court noted in *Kinsley*, "the word 'any' has typically been found ambiguous in connection with the allowable unit of prosecution." 518 F.2d at 668. We conclude, therefore, that the express language of section 501, defining as the object of the offense "any postage stamp," does not "plainly and unmistakably" indicate whether each denomination of counterfeited postage stamps is an allowable unit of prosecution.

■ What ambiguity there may be in the statutory language, however, is given sufficient clarity upon consideration of the legislative history of section 501 and the entire statutory scheme of which it is a

---

**1.** The Honorable John F. Nangle, United States District Court for the Eastern District of Missouri.

part. As Petitioner concedes, the primary purpose of section 501 is to protect not only the government's ability and exclusive right to operate the postal service, but also to protect its postal revenues. *Cf. United States v. Cioffi,* 487 F.2d 492, 499–500 n. 9 (2d Cir.1973) ("[I]n condemning [the] 'use' of counterfeit stamps, the purpose of Congress was to protect the postal revenues."), *cert. denied sub nom. Ciuzio v. United States,* 416 U.S. 995, 94 S.Ct. 2410, 40 L.Ed.2d 774 (1974); S.Rep. No. 1193, 91st Cong., 2d Sess., *reprinted in* 1970 U.S. Code Cong. & Ad.News 3995–96 (report to Pub.L. No. 91–448, 84 Stat. 920 (1970), which amended 18 U.S.C. § 501 to prohibit the counterfeiting of postage meter stamps in order to protect postal revenues). This revenue-protection purpose is common to most of the sections in chapter 25 of Title 18, of which section 501 is a part. *See, e.g., United States v. LeMon,* 622 F.2d 1022, 1024 (10th Cir.1980) (construing 18 U.S.C. § 471 to allow as a separate unit of prosecution the counterfeiting of each federal reserve note); *United States v. Jacek,* 298 F.2d 429 (3d Cir.) (forging of ten separate postal money orders constituted ten separate offenses under 18 U.S.C. § 500), *cert. denied,* 370 U.S. 952, 82 S.Ct. 1601, 8 L.Ed.2d 817 (1962). The congressional purpose underlying section 501 clearly is threatened when counterfeiters produce plates of and print different denominations of postage stamps. We believe it is consistent with the congressional purpose underlying section 501 to allow as a separate unit of prosecution the counterfeiting of each denomination of postage stamps, even when, as here, several denominations are counterfeited as part of a common scheme.

Moreover, this case is distinguishable from those that have held that only one offense had been committed instead of "separate offenses." In *Kinsley,* this Court held that the defendant's *simultaneous possession* of four firearms constituted only one offense under 18 U.S.C.App. § 1202(a)(1), which prohibited a previously convicted felon from possessing "any firearm." 518 F.2d at 670. In *Bell,* the Su-

preme Court held that the *simultaneous transportation* of two women constituted only one offense under the Mann Act, 18 U.S.C. § 2421 et seq. 349 U.S. at 84, 75 S.Ct. at 622. In *Ladner v. United States,* 358 U.S. 169, 178, 79 S.Ct. 209, 214, 3 L.Ed.2d 199 (1958), the Supreme Court held that the wounding of two federal officers by the *single discharge* of a shotgun constituted only one offense under former 18 U.S.C. § 254 (now 18 U.S.C. § 111). And in *United States v. Universal C.I.T. Credit Corp.,* 344 U.S. 218, 224–226, 73 S.Ct. 227, 230–231, 97 L.Ed. 260 (1952), the Supreme Court held that an employer's minimum wage violations under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* though involving several employees, constituted only one offense since all the violations resulted from only one managerial decision, or, as the Court characterized it, a "single course of conduct." 344 U.S. at 226, 73 S.Ct. at 231. In each of these cases, the defendant engaged in only a single act, though it resulted in multiple injuries or effects.

Here, however, Petitioner and his co-defendants, though part of only one overall criminal scheme, took separate and independent acts in producing three separate plates and in printing three different denominations of postage stamps. Clearly, the production of three different plates and the printing of three different denominations of postage stamps could not be accomplished by Petitioner and his cohorts in a single act. *Cf. Ebeling v. Morgan,* 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151 (1915) (the successive cutting of six mail bags constituted six separate offenses under statute prohibiting the cutting of "any mail bag"). The common thread running throughout the cases discussed above finding only one offense—a single act by the defendant with multiple effects—simply is not present in this case. The reasoning of those cases, therefore, cannot be extended to the present case. We conclude that each counterfeiting of a different denomination

of postage stamps is an allowable unit of prosecution under 18 U.S.C. § 501.[2]

### III.

■ Petitioner next contends that the District Court abused its discretion by (1) sentencing him to consecutive four-year terms of imprisonment, and (2) imposing on him a sentence grossly disparate to those given to his co-defendants.[3]

■ This Circuit follows the general rule that " 'a sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review.' " *Woosley v. United States*, 478 F.2d 139, 141 (8th Cir.1973) (en banc) (quoting *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972)). We often have acknowledged that "wide discretion and prerogative must be accorded the [district] court in making a sentencing determination." *Orner v. United States*, 578 F.2d 1276, 1278 (8th Cir.1978). Our power to review the severity of a criminal sentence is narrowly limited to those rare cases where the district court has "manifestly or grossly abused its discretion" such that the severity of the sentence "shocks the judicial conscience." *Woosley*, 478 F.2d at 147; *see also United States v. Hollis*, 718 F.2d 277, 279 (8th Cir.1983) (sentence within statutory maximum reviewable only if it is " 'greatly excessive under traditional concepts of justice' or 'manifestly disproportionate to the crime or criminal' "), *cert. denied*, 465 U.S. 1036, 104 S.Ct. 1309, 79 L.Ed.2d 707 (1984). "This Court cannot, however, substitute its judgment for the discretion committed solely to the district court." *Hollis*, 718 F.2d at 279.

Petitioner bases his first contention on language found in *United States v. O'Dell*, 713 F.2d 421 (8th Cir.1983) (per curiam). In *O'Dell*, the defendant was convicted on three counts of mail fraud arising out of a single insurance fraud scheme. A three-judge panel of this Court correctly noted that each use of the mails is a "separate offense" even though the defendant was engaged in only a single fraudulent scheme. *Id.* at 422. The panel was "troubled," however, by the fact that the defendant had "received consecutive sentences of four years on the convictions for two of the three counts of mail fraud." *Id.* The Court suggested that "because [the defendant] participated only in one scheme to defraud, the district court, on proper motion, may wish to consider (or reconsider), whether a consecutive sentence is justified for a single underlying crime." *Id.; see also United States v. Moss*, 591 F.2d 428, 438 (8th Cir.1979) (*Moss I*) ("[T]he propriety of consecutive sentences for separate mail fraud offenses arising out of essentially a single scheme should be reconsidered by the district court in a Rule 35 proceeding.").

Petitioner's reliance on *O'Dell* and *Moss I* is misplaced. As this Court recently noted, the language in those cases

does not require that we find an abuse of discretion here. In *Moss* this court did

---

**2.** Petitioner was indicted and convicted only for the counterfeiting of the three different *denominations* of postage stamps. Therefore, we do not consider Petitioner's contention that disproportionate punishments in violation of the Eighth Amendment's prohibition against "cruel and unusual punishment" would result from treating as a separate unit of prosecution the counterfeiting of each individual postage stamp. *See Ladner*, 358 U.S. at 177, 79 S.Ct. at 213; *cf. Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Similarly, we need not decide whether each separate press run of a single denomination of postage stamps is an allowable unit of prosecution under 18 U.S.C. § 501, although we are inclined to think that it is.

**3.** Petitioner also contends that the District Court's consideration of his prior criminal record in sentencing him violated several of his constitutional rights (*e.g.,* Fifth Amendment double jeopardy and Fourteenth Amendment equal protection and due process) since Petitioner has fully completed the sentences imposed on those prior convictions. We dismiss this contention as totally without merit. In sentencing, the district court may conduct a broad inquiry into the defendant's background and generally is unlimited as to the kind and source of information it may consider. *See United States v. Tucker*, 404 U.S. 443, 446 (1972); *United States v. Hollis*, 718 F.2d 277, 280 (8th Cir.1983), *cert. denied*, 465 U.S. 1036, 104 S.Ct. 1309, 79 L.Ed.2d 707 (1984); 18 U.S.C. § 3577.

not prohibit the imposition of consecutive sentences for separate fraud offenses arising out of one scheme; rather it suggested that in a Rule 35 proceeding the district court should reconsider the propriety of such consecutive sentences.

*United States v. Phillips*, 726 F.2d 417, 420 (8th Cir.1984). Likewise, we have stated that

[a]lthough this court has recommended use of concurrent terms of imprisonment for mail fraud convictions when a multiple count indictment involves a single scheme or course of conduct, we nonetheless have refused to hold that imposition of consecutive sentences, even when each of the separate offenses arose from a single concerted plan to defraud, constituted an abuse of discretion.

*United States v. Moss*, 614 F.2d 171, 174 (8th Cir.) (*Moss II*), *aff'd on appeal after remand*, 631 F.2d 105 (8th Cir.1980) (*Moss III*) (affirming imposition of consecutive sentences).

██ Petitioner could have been sentenced to five years imprisonment, a $500 fine, or both, on each of the three counts under section 501 to which he pled guilty (or, in other words, to fifteen years imprisonment and a $1,500 fine). Instead, Petitioner received an aggregate term of only eight years imprisonment, which is well within the statutory maximum. The District Court considered Petitioner's claims and denied his motion to reduce the sentence in Petitioner's Rule 35 proceeding. We find no abuse of discretion by the District Court in its sentencing of Petitioner to consecutive four-year terms of imprisonment.

██ Finally, Petitioner contends that the gross disparity between his sentence and each of the sentences given to his co-defendants constitutes an abuse of discretion by the District Court. Generally, a "claim of a more severe sentence than that received by … a co-defendant[ ] is not cognizable under § 2255." *Entrekin v. United States*, 508 F.2d 1328, 1330 (8th Cir.1974), *cert. denied*, 421 U.S. 977, 95 S.Ct. 1977, 44 L.Ed.2d 468 (1975). We nevertheless have carefully reviewed the entire record, and we find no abuse of discretion by the District Court to warrant setting aside the sentence imposed on Petitioner.

Petitioner relies on *United States v. Wiley*, 278 F.2d 500 (7th Cir.1960), for the proposition that this Court should exercise its "supervisory control of the district court, in aid of its appellate jurisdiction," to correct disparities in sentences where the district court has "arbitrarily singled out a minor defendant for the imposition of a more severe sentence than that imposed upon the co-defendants…." *Id.* at 503. Without commenting on the propriety of a "*Wiley* review," we do not believe that Petitioner has been "arbitrarily singled out" in this case. *But cf. United States v. McRoy*, 452 F.Supp. 598 (W.D.Mo.1978) (district court may, in its discretion, reduce previous sentence based on incomplete and inaccurate information to avoid injustice created by disparate sentences).

██ "It is fundamental that punishment should be tailored to the particular criminal and not necessarily to the severity of the crime." *United States v. O'Driscoll*, 761 F.2d 589, 599 (10th Cir.1985). Though we cannot agree completely with Petitioner's characterization of his involvement in the counterfeiting scheme as "minor," more significant to the District Court's determination of the appropriate sentence was Petitioner's past criminal record, which was included in the Presentence Report. Notably, Petitioner previously has been convicted of, among other crimes, counterfeiting United States currency, receiving stolen property, burglary, and conspiracy. As Petitioner concedes, the other co-defendants did not have comparable criminal records. The sentence in this case clearly was "tailored to the particular criminal." It was incumbent upon the District Court to consider Petitioner's past

record and well within the court's discretion to impose the sentence it did.[4]

"Fairness to the public ... demand[s] that a convicted offender present a clear and convincing case of abuse of discretion on the part of the sentencing judge or a patent violation of a constitutional guarantee to warrant setting aside a sentence." *Orner,* 578 F.2d at 1280. Petitioner has failed to make such a showing. The District Court's denial of the petition for writ of habeas corpus is affirmed.

---

4. Petitioner also contends that the "great disparity in his sentence arguably has resulted in a punishment so excessive as to violate the 'Cruel and Unusual Punishment' Clause of the Eighth Amendment to the Constitution." *Cf. Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). We find no merit in that contention.