UNITED STATES of America, Appellee,

v.

David Eugene MORRIS, Appellant.

No. 89–1099.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1989.

Decided June 27, 1989.

---

2. See Findings of Fact and Conclusions of Law, Magistrate's Order and Recommendation at 5, 11 (June 3, 1988).

Kathleen M. Schmidt, Omaha, Neb., for appellant.

Thomas D. Thalken, Omaha, Neb., for appellee.

Before McMILLIAN and FAGG, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

David Eugene Morris appeals his conviction on a plea of no contest to one count of obstruction of correspondence under 18 U.S.C. § 1702. Morris argues the district court abused its discretion when imposing sentence by failing to give proper weight to the nonviolent nature of the offense and the individual circumstances of Morris and his family. We affirm Morris' conviction and sentence.

On April 21, 1988, a federal grand jury indicted Morris on one count of forging a United States Treasury check in the amount of $586.74, in violation of 18 U.S.C. § 510, and one count of obstruction of correspondence. On June 23, 1988, Morris pleaded guilty to the obstruction of correspondence count; the government dis-

missed the remaining count pursuant to a plea agreement. Morris was released pending sentencing on the condition that he undergo drug counseling. Morris' release, however, was subsequently revoked after testing positive for cocaine and failing to continue his drug counseling.

On September 30, 1988, the district court ordered Morris to undergo a confined psychological and psychiatric evaluation at the NOVA Therapeutic Community and deferred sentencing to October 28, 1988. On October 7, 1988, an arrest warrant was issued for Morris as he had left NOVA without authorization and his whereabouts were unknown. Morris was arrested and brought before the district court for sentencing on October 18, 1988. The court sentenced Morris to three years imprisonment and ordered him to make restitution in the amount of $586.74 and to pay a $50 special assessment upon his release on parole. The maximum prison term Morris faced for violation of section 1702 was five years. The court also recommended to the Bureau of Prisons that Morris receive both drug and psychiatric counseling and treatment as needed. This timely appeal followed.

Morris argues that his sentence was excessive in light of the deterioration of his home and family, the nonviolent nature of the crime and his psychological problems. It is argued that the district court abused its discretion by failing to consider these factors.

This court's power to review the severity of a criminal sentence is limited to those cases where the sentencing court has manifestly abused its discretion. *Castaldi v. United States*, 783 F.2d 119, 123 (8th Cir.), cert. denied, 476 U.S. 1172, 106 S.Ct. 2897, 90 L.Ed.2d 983 (1986). In sentencing Morris, the district court noted the opportunities given to Morris to help himself and Morris' failure to comply with the requirements of the drug or psychiatric programs ordered by the court. Upon review of the record, we do not believe the district court abused its discretion.

**254**

Accordingly, we affirm the judgment of the district court.