UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                    No. 00-4440

TERRY ALLEN PICKERAL,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CR-99-110)

Submitted: October 24, 2000

Decided: November 14, 2000

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

## COUNSEL

Randy V. Cargill, MAGEE, FOSTER, GOLDSTEIN & SAYERS, P.C., Roanoke, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, Craig J. Jacobsen, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Terry Allen Pickeral pled guilty to four counts of presenting an
altered postal money order for payment, *see* 18 U.S.C. § 500 (1994),
and was sentenced to twenty-one months imprisonment and three
years of supervised release. He challenges his sentence, arguing that
the district court erred in determining that the loss was more than
$2000, *see U.S. Sentencing Guidelines Manual* § 2F1.1 (1998), and
in ordering him to pay $1222 in restitution, and clearly erred in deter-
mining that he engaged in more than minimal planning. *See* USSG
§ 2F1.1(b)(2)(A). We affirm in part, vacate in part, and remand.

On November 29, December 1, and December 3, 1999, Pickeral
bought four postal money orders, each worth one dollar, at four dif-
ferent post offices in western Virginia. He altered the amount of each
money order with a ball point pen, and presented each money order
for payment at a different post office. In all, he used eight post offices
in seven cities. Pickeral was successful with two of the altered money
orders, receiving $651 and $571. He failed to receive payment for the
remaining money orders, altered to show amounts of $571 and $671.
The total amount of all four altered money orders was $2464. Using
this amount, the district court added a one-level enhancement for a
loss of over $2000. *See* USSG § 2F1.1(b)(1)(B).

On appeal, Pickeral raises two legal questions concerning the
amount of loss. We review the district court's legal interpretation of
the term "loss" de novo. *See United States v. Loayza*, 107 F.3d 257,
265 (4th Cir. 1997). Pickeral first contends that he should be account-
able only for the amount of the two money orders he cashed on
November 29 and December 1, and the one he presented unsuccess-
fully on December 3, less two dollars—a total of $1891. He argues
that he did not intend a greater loss because, had he successfully
cashed the first money order he presented for $571 on December 1,

he would not have presented a second money order for the same amount on the same day.

Application Note 8 to § 2F1.1 states:

> As in theft cases, loss is the value of the money, property, or services unlawfully taken . . . . Consistent with the provisions of § 2X1.1 (Attempt, Solicitation, or Conspiracy), if an intended loss that the defendant was attempting to inflict can be determined, this figure will be used if it is greater than the actual loss.

The flaw in Pickeral's argument is that each presentation of an altered money order constitutes a separate offense. *See United States v. Jacek*, 298 F.2d 429, 429 (3d Cir. 1962) (finding that forging ten separate money orders constituted ten separate offenses). Pickeral in fact pled guilty to four separate offenses. Each was a completed offense, regardless of whether he obtained the money he sought as a result of presenting the altered money order. For sentencing purposes, the loss resulting from a completed offense includes the intended loss. *See United States v. Williams*, 81 F.3d 1321, 1328 (4th Cir. 1996). Pickeral offered no evidence that he did not intend to obtain more than $571 on December 1 or that, had he succeeded in obtaining $571 with the first altered money order he presented on December 1, he would not have presented the second money order. Pickeral's argument was based entirely on supposition and the district court did not err in finding that he was responsible for the loss he intended to inflict each time he presented an altered money order.*

Pickeral also contests the district court's order that he pay restitution of $1222 to the Postal Service under 18 U.S.C.A. § 3663A (West 2000). He argues that restitution should be no more than $1220. On this point, Pickeral is correct, because the government's actual loss did not total more than $1220. Pickeral paid two dollars for two

---

*Pickeral also maintains that the district court should have deducted from the amount of loss the two dollars he spent to obtain the money orders which he succeeded in cashing. Because reducing the amount of loss by several dollars would not affect Pickeral's offense level, we find it unnecessary to reach this issue.

money orders which were each worth one dollar. The government paid him $651 and $571, thus losing $650 and $570, respectively, on the two transactions. We note that Pickeral did not specifically contest the recommended amount of restitution at sentencing, although he did object to the probation officer's recommendation that he pay restitution of $1222. The district court adopted the probation officer's recommendation without making any independent finding concerning the amount of restitution Pickeral owed. Under 18 U.S.C.A. § 3664(e) (West 2000), the government has the burden of demonstrating the amount of loss sustained by the victim, and the district court has the responsibility of resolving any dispute as to the amount of restitution. Neither the probation officer nor the government demonstrated that Pickeral owed $1222 in response to his objection, and the district court did not resolve the dispute over the amount. Normally, a remand to the district court would be necessary for a determination of the correct amount of restitution. However, because the disputed amount is so small, we are inclined to give Pickeral the benefit of any doubt. Accordingly, we vacate this portion of the judgment and remand the case solely for modification of the restitution order to require restitution of $1220.

Finally, Pickeral disputes the enhancement for more than minimal planning. Under § 2F1.1(b)(2)(A), a two-level enhancement is made if the offense involved more than minimal planning. Application Note 2 explains that the term is defined in the commentary to USSG § 1B1.1. Application Note 1(f) defines more than minimal planning as "more planning than is typical for commission of the offense in a simple form," and explains that it "exists if significant affirmative steps were taken to conceal the offense," apart from conduct that constitutes obstruction of justice. Further, more than minimal planning "is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance is purely opportune." *Id.* The district court's factual determination that more than minimal planning was present is reviewed for clear error. *See United States v. Pearce*, 65 F.3d 22, 26 (4th Cir. 1995).

The district court determined that Pickeral had shown more than minimal planning by using different post offices in different towns over a wide area. In his argument on appeal, Pickeral focuses on the simple method he used to alter each money order—writing in a larger

amount with a ballpoint pen. While that part of his planning was con-
cededly simple, his use of eight different post offices in different
towns showed forethought and a definite strategy for concealing the
offense. Consequently, the district court did not clearly err in finding
that Pickeral used more than minimal planning and enhancing his
offense level.

   We therefore vacate the portion of the judgment that orders Pick-
eral to pay $1222 in restitution and remand for modification of the
restitution order to require payment of $1220. We affirm the sentence
in all other respects. We dispense with oral argument because the
facts and legal contentions are adequately presented in the materials
before the court and argument would not aid the decisional process.

   *AFFIRMED IN PART, VACATED IN PART, AND REMANDED*