**UNITED STATES of America, Appellee,**

v.

**William SATRANG, Appellant.**

**No. 79–2011.**

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1980.

Decided May 22, 1980.

Rehearing Denied July 1, 1980.

C. Charles Chinquist, Fargo, N. D., for appellant.

Lynn E. Crooks, Asst. U. S. Atty., Fargo, N. D., for appellee; James R. Britton, U. S. Atty., Fargo, N. D., on brief.

Before HENLEY and McMILLIAN, Circuit Judges, and HARPER,* Senior District Judge.

HARPER, Senior District Judge.

In September, 1979, the grand jury for the District of North Dakota brought charges against Roger Briss and William Satrang in two counts. Count One charged that they conspired with Edward William Norris (in violation of 18 U.S.C. § 371) to use the facilities of interstate commerce and to transmit in interstate commerce a threat to injure the reputation of Clifton Overvold by publishing the contents of a briefcase which had previously been stolen from Overvold, with the intent to extort money from him. Count Two charged that on or about June 6, 1979, Briss and Satrang willfully and knowingly and with intent to extort a sum of money from Overvold, did aid and abet Norris in transmitting in interstate commerce by telephone a threat to injure the reputation of Overvold by publishing the contents of a briefcase which had previously been stolen from him (in violation of 18 U.S.C. §§ 875(d) and 2).

Defendant Satrang was tried before a jury and convicted on both counts. He was sentenced to four years on Count One and was given a suspended sentence on Count Two. Defendant appeals his convictions, urging reversal on the ground that the government failed to present substantial evidence which would prove beyond a reasonable doubt that there was a communication which contained a threat to injure the reputation of Overvold. Defendant raises three issues on appeal: Whether the district court erred in not granting defendant's motion for judgment of acquittal at the close of the presentation of evidence, whether the court erred in denying defendant's motion for judgment of acquittal or new trial, and whether there was sufficient evidence to sustain the jury's verdict. The basis for all three issues raised is whether or not the government proved a threat to the reputation of Overvold.

In evaluating defendant's claim, the evidence must be viewed in the light most favorable to the government, giving the government the benefit of all inferences reasonably deducible from the evidence, *United States v. Shahane*, 517 F.2d 1173, 1174 (8th Cir.), *cert. denied*, 423 U.S. 893, 96 S.Ct. 191, 46 L.Ed.2d 124 (1975).

The guilt or innocence in a criminal case may be proved by circumstantial evidence as well as direct evidence. The circumstantial evidence relied on must be consistent with guilt, but need not be inconsistent with other reasonable hypotheses. It is sufficient if the evidence taken in its entirety convinces the jury beyond a reasonable doubt as to the guilt of the defendant. *Holland v. United States*, 348 U.S. 121, 139–140, 75 S.Ct. 127, 137–138, 99 L.Ed. 150 (1954); *United States v. Hill*, 589 F.2d 1344, 1349–1350 (8th Cir.), *cert. denied*, 442 U.S. 919, 99 S.Ct. 2843, 61 L.Ed.2d 287 (1979).

Applying these review standards to the case under consideration, we are satisfied that the conviction of the defendant must be affirmed.

18 U.S.C. § 371 provides in part that if two or more persons conspire to commit any offense against the United States and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000.00 or imprisoned not more than five years, or both. 18 U.S.C. § 875(d) makes it an offense to transmit in interstate commerce any communication containing any threat to injure the reputation of the addressee or of another, with intent to extort.

* The Honorable Roy W. Harper, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

There is no question that a communication to Overvold containing a threat was transmitted in interstate commerce with the intent to extort. However, defendant contends that the government failed to sufficiently prove that the threat was to Overvold's reputation.

The district court granted the government's pretrial motion in limine as to the contents of Overvold's stolen briefcase, without prejudice to the right of the defendant at trial to move for reconsideration. At the trial defendant made no motion for such a consideration even though defendant's attorney before trial had inspected the contents of the stolen briefcase. The contents of the stolen briefcase were not introduced in evidence.

Overvold testified that he received several phone calls demanding that he pay as much as $150,000.00 or the contents of the briefcase would be divulged to certain people who would be upset over the contents, people to whom he would not want the contents divulged, such as family members.

Norris testified that he called Overvold by phone and threatened to turn the contents of the stolen briefcase over to Overvold's wife or father if his demands for money were not met.

■ Defendant argues that the government failed to prove the threat was to Overvold's reputation and not a threat to something else, with which we disagree. The jury weighed the evidence and found defendant guilty beyond a reasonable doubt. Though Norris did not expressly tell Overvold that revealing the contents of the stolen briefcase would damage Overvold's reputation, there was sufficient evidence for the jury to find that this was clearly inferred. Such a finding based on evidence was sufficient to convict the defendant.

Affirmed.