**UNITED STATES of America, Appellee,**

v.

**Eisenhower YOUNG, Appellant.**

**No. 80–1407.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 16, 1980.

Decided Dec. 1, 1980.

Daniel V. O'Brien, St. Louis, Mo., for appellant.

Robert D. Kingsland, U. S. Atty., Michael W. Reap, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, STEPHENSON and ADAMS,* Circuit Judges.

PER CURIAM.

The appellant, Eisenhower Young, was charged by the grand jury for the Eastern District of Missouri with four counts of violating 21 U.S.C. § 841(a)(1). Count One charged that Young knowingly and intentionally distributed 13.88 grams of heroin to Albert Moore, a government informant, on December 27, 1976, by aiding and abetting Wilbert Williams when the latter actually distributed heroin. Count Two charged that Young knowingly and intentionally distributed a quantity of cocaine to Moore on March 1, 1977. Count Three charged that Young knowingly and intentionally

* The Honorable Arlin M. Adams, United States Court of Appeals for the Third Circuit, sitting by designation.

distributed 14.82 grams of cocaine to Moore on March 7, 1977. Count Four charged that Young and Williams knowingly and willfully conspired to distribute cocaine and heroin from December 14, 1976 to March 7, 1977.

Young was tried before a jury and convicted on Counts One, Three and Four. He was sentenced to thirteen years on Count One, with a special parole term of seven years to run consecutively with an identical sentence on Count Three. There was also imposed on him a sentence of thirteen years and a seven year special parole term on Count Four, to run concurrently with the terms of imprisonment imposed under Count Three. Thus, Young received an aggregate term of imprisonment of twenty–six years, to be followed by a special parole term of fourteen years.

In a direct appeal from these convictions, Young contends that a mistrial should have been granted at the close of the case, because there was insufficient evidence of a conspiracy, independent of the statements of the alleged co–conspirator, Williams, to allow the co–conspirator's statements to be used to prove the conspiracy. Young also argues that a charge of conspiracy to distribute heroin coupled with a substantive charge for aiding and abetting the distribution constitutes double jeopardy, since the elements required to prove each offense overlap. Finally, Young argues that the district court erred in not granting a mistrial because of an allegedly prejudicial remark made by the prosecutor during closing argument.

We affirm.

Under Fed.R.Evid., 104, the admissability of a co–conspirator's statements to prove the existence of a conspiracy is a question for the court. In *United States v. Bell*, 573 F.2d 1040 (8th Cir. 1978), we laid down the following procedure to be employed in conditionally admitting such statements:

If the prosecutor propounds a question which obviously requires a witness to re-

count an out-of-court declaration of an alleged coconspirator, the court, upon a timely and appropriate objection by the defendant, may conditionally admit the statement. At the same time, the court should, on the record, caution the parties (a) that the statement is being admitted subject to defendant's objection; (b) that the government will be required to prove by a preponderance of the independent evidence that the statement was made by a coconspirator during the course and in furtherance of the conspiracy; (c) that at the conclusion of all the evidence the court will make an explicit determination for the record regarding the admissibility of the statement; and (d) that if the court determines that the government has failed to carry the burden delineated in (b) above, the court will, upon appropriate motion, declare a mistrial, unless a cautionary instruction to the jury to disregard the statement would suffice to cure any prejudice. *See United States v. Stanchich*, 550 F.2d 1294, 1298 (2d Cir. 1977). The foregoing procedural steps should transpire out of the hearing of the jury. *See* Fed.R.Evid. 104(c).

*Id.* at 1044. The district court followed these procedures in this case, and we agree with its conclusion that there was sufficient independent evidence to admit the statements.

■ In evaluating appellant's claim that there was insufficient independent evidence to establish the existence of the conspiracy, the evidence must be viewed in the light most favorable to the government. *See Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Satrang*, 621 F.2d 930, 931 (8th Cir. 1980); *United States v. Carlson*, 547 F.2d 1346, 1351 (8th Cir.), *cert. denied*, 431 U.S. 914, 97 S.Ct. 2174, 53 L.Ed.2d 224 (1977).

■ Applying this review standard to the present case, we are satisfied that the government adduced sufficient independent evidence regarding the existence of the conspiracy to warrant the admission of the co-conspirator's statements. The evidence included videotapes of Young and Williams distributing heroin on December 27, 1976, in a sale arranged by the informant with Young alone; Young's direction to the informant, made in Williams' presence, that cocaine was to be referred to as "gin," and heroin as "whiskey," followed by Williams' subsequent use of the words "gin" and "whiskey" in drug transactions; and Young's instruction to Williams, during a drug transaction, that Williams should give the informant Williams' phone number in case the informant could not reach Young for future transactions.

■ As for Young's double jeopardy argument, it is well settled that a conviction for both a substantive crime and a conspiracy to engage in that crime does not run afoul of the double jeopardy clause, because each act is deemed to be a separate offense. *Iannelli v. United States*, 420 U.S. 770, 777, 95 S.Ct. 1284, 1289, 43 L.Ed.2d 616 (1974); *Pinkerton v. United States*, 328 U.S. 640, 643, 66 S.Ct. 1180, 1181, 90 L.Ed. 1489 (1946). This is so even when the conviction for the substantive offense is based not on actual commission of that crime, but upon the aiding and abetting of such an act. *Pereira v. United States*, 347 U.S. 1, 10–12, 74 S.Ct. 358, 363–365, 98 L.Ed. 435 (1953); *United States v. Townes*, 512 F.2d 1057, 1058 (6th Cir. 1975). In this case it is clear that the two offenses involved neither identical elements of proof nor the same facts. The conspiracy count encompassed not only the act of distributing heroin on December 27, 1976 charged in Count One, but also the agreement to distribute heroin and cocaine, evidenced by the actions of Williams and Young during the entire period of December 14, 1976 to March 7, 1977.

■ Finally, appellant contends that the district court erred in not granting him a mistrial based on allegedly prejudicial remarks made by the prosecutor during his summation. Specifically, Young objects to a statement alluding to the successful assistance rendered by the informant Moore,

the government's principal witness.[1] The defendant alleges that the remark was an impermissible extraneous attestation to the reliability of the informant.

We find Young's contention of prejudice unpersuasive. The prosecutor was not straying beyond the evidence adduced at trial when he made the remarks, for testimony regarding the informant's complete cooperation in other investigations was admitted to the jury without objection from defense counsel.[2] Assuming, however, that the prosecutor's comments may have departed from the trial testimony, the trial court properly gave a cautionary instruction to the jury that no statements made during closing arguments were to be considered as evidence. Finally, the prejudicial effect of a prosecutorial comment is to be evaluated in light of the strength or weakness of the evidence of guilt. *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 239, 60 S.Ct. 811, 851, 84 L.Ed. 1129 (1940); *Berger v. United States*, 295 U.S. 78, 88–89, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935); *United States v. Splain*, 545 F.2d 1131, 1135–36 (8th Cir. 1976). The evidence of guilt in the present case is substantial.

The judgment of the district court is hereby affirmed.

---

1. The prosecutor made the following statement during his closing argument:

    ... and Albert Moore [the government informant] did everything he told us he was going to do. He gave us names as they were in there and there was (sic) cases made on every one of them. He held up his bargain. (Tr. 526)

2. A DEA agent had testified at trial to the following:

    Q. About how many individuals did Mr. Moore give you information on that you obtained evidence on for arrest warrants.
    A. Approximately thirteen.
    (Tr. 219–20)