UNITED STATES of America, Appellee,

v.

**Larry Eugene CRUM a/k/a Bud Crum, Appellant.**

**No. 81–1577.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1981.

Decided Oct. 27, 1981.

Rehearing Denied Nov. 20, 1981.

Roxanne Barton Conlin, U. S. Atty., Ronald M. Kayser, Asst. U. S. Atty., Des Moines, Iowa, for appellee.

Paul E. Watts, Watts & Moran, Omaha, Neb., for appellant.

Before HEANEY and STEPHENSON, Circuit Judges, and OLIVER,* Senior District Judge.

PER CURIAM.

Larry Eugene Crum was convicted on three counts of a four count indictment charging him with theft of fuel oil from an interstate pipeline in violation of 18 U.S.C. § 659. He was sentenced to twenty months of imprisonment on Count I. Imposition of sentence on the remaining two counts was suspended and Crum was placed on probation for a period of four years, the probation to run consecutively with the term of imprisonment imposed on Count I.

 Section 659 makes it a crime to obtain unlawfully from any pipeline system, tank or storage facility, any goods "moving as or which are a part of or which constitute an interstate or foreign shipment." An interstate shipment does not lose its interstate character until it arrives at its final destination and is there delivered. *E.*

---

* The Honorable John W. Oliver, United States Senior District Judge for the Western District of Missouri, sitting by designation.

g., *United States v. Williams*, 559 F.2d 1243, 1248 (4th Cir. 1977). Crum contends on appeal that the government failed to establish that section 659 was violated because it did not prove beyond a reasonable doubt that the defendant had stolen from a pipeline or storage facility fuel oil that was moving as interstate commerce. More specifically, his argument is that the fuel oil was no longer in interstate commerce when it was stolen.

Viewing the evidence in the light most favorable to the government, as we are obligated to do on appeal, *United States v. Satrang*, 621 F.2d 930, 931 (8th Cir. 1980), the following facts appear: In the fall of 1979, McMillan Oil Company, Crum's employer, purchased fuel oil from Simba, Ltd. of Lewisburg, Kansas and Great Plains Corporation of Wichita, Kansas; the oil was transported interstate via the Williams Brothers pipeline to Omaha, Nebraska; there it was stored in facilities owned by Williams Brothers, pending movement by McMillan trucks to McMillan storage facilities in Council Bluffs, Iowa; Crum loaded oil in his truck from this Omaha facility but instead of delivering it to his employer in Council Bluffs, he delivered and sold it to an Iowa truck stop and pocketed the money.

The determination of whether goods are moving as interstate commerce is to be based on practical considerations rather than technical distinctions. *E. g., United States v. Williams, supra*, 559 F.2d at 1247; *United States v. Maddox*, 394 F.2d 297, 300 (4th Cir. 1968). We have carefully reviewed the record, and find that from these facts, the jury could reasonably have found that Crum had stolen fuel oil from an interstate shipment. The fact that the fuel oil was temporarily stored in the Williams Brothers facilities in Omaha does not necessitate a finding that the shipment had reached its final destination and lost its interstate character. The flow of commerce need not be continuous if there is a clear intention to resume the journey after a brief pause. *United States v. Maddox, supra*, 394 F.2d at 300. Here, it was intended by all parties that the oil would not come to rest until it was transported from the Williams Brothers storage facilities in Nebraska and delivered to the McMillan facilities in Iowa. Therefore, Crum's conviction is affirmed.