**UNITED STATES of America, Appellee,**

v.

**Michael W. CHAMLEE, Appellant.**

**No. 87–1784.**

United States Court of Appeals,
Eighth Circuit.

Submitted July 23, 1987.

Decided Sept. 4, 1987.

Michael W. Chamlee, pro se.

Michael D. Johnson, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before ARNOLD, Circuit Judge, ROSS, Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

Michael W. Chamlee appeals pro se and in forma pauperis from the district court's [1] denial of his 28 U.S.C. § 2255 motion to correct his sentence. Chamlee argues that his sentence to consecutive terms of con-

---

**1.** The Honorable William Overton, late a United States District Judge for the Eastern District of Arkansas.

finement violates the fifth amendment prohibition against double jeopardy. We affirm.

Chamlee's consecutive sentences were imposed as the result of Chamlee's criminal convictions upon his guilty plea of one count of conspiracy to commit arson in violation of 18 U.S.C. § 371, and two counts of arson and aiding-and-abetting in violation of 18 U.S.C. §§ 844(i) and (2). The arson and aiding-and-abetting counts were based on two separate incidents both of which were the objects of the conspiracy.

Chamlee was sentenced to concurrent seven year terms of incarceration for the arson and aiding-and-abetting convictions. These concurrent terms were to be served consecutive to a five-year sentence of incarceration for Chamlee's conspiracy conviction. Chamlee petitioned the district court pursuant to 28 U.S.C. § 2255, claiming that while the conspiracy and substantive crimes are separate and distinct for the purposes of conviction, the crimes merge for the purposes of sentencing. The district court concluded that the conspiracy and substantive convictions were for different crimes and that Chamlee could be punished for each of these crimes.

In *Pinkerton v. United States*, 328 U.S. 640, 643, 66 S.Ct. 1180, 1182, 90 L.Ed. 1489 (1946), the Supreme Court held that imposing consecutive sentences for a conspiracy conviction and underlying substantive conviction does not violate the fifth amendment prohibition against double jeopardy. *See also United States v. Panas*, 738 F.2d 278, 287 (8th Cir.1984) (citing *Pinkerton*); *United States v. Young*, 634 F.2d 1136, 1138 (8th Cir.1980) (per curiam) (conviction for both substantive crime and conspiracy to engage in that crime will not run afoul of double jeopardy clause, even if the substantive offense is for aiding and abetting). Based on the facts of Chamlee's case and the applicable law, Chamlee's argument is without merit.

Accordingly, we affirm the district court's denial of Chamlee's 28 U.S.C. § 2255 motion. See 8th Cir.R. 14.