UNITED STATES of America, Appellee,

v.

R. Randall WALKER, Appellant.

No. 90–1563.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1990.

Decided Dec. 3, 1990.

---

Thomas M. Bradshaw, Kansas City, Mo., for appellant.

David C. Jones, Springfield, Mo., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

HENLEY, Senior Circuit Judge.

This appeal arises from a resentencing ordered by another panel of this court (the "first panel"). *United States v. Walker*, 896 F.2d 295 (8th Cir.1990). Appellant argues that the district judge [1] should have recused himself from the resentencing due to an ex parte viewing of certain evidence which extra-judicially and personally biased the judge against the appellant and that the total sentence [2] ordered was an abuse

---

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

2. The sentences and fines were as follows:

of discretion amounting to cruel and unusual punishment. We conclude that the events pointed to by appellant did not warrant recusal, that the total sentence imposed was within the district court's discretion, and that the sentence was not constitutionally violative. Therefore, we affirm.

## BACKGROUND

After finding certain errors in the original sentences imposed upon appellant and his spouse, the first panel remanded the cases for resentencing. Both cases involved pre-guidelines sentences. For purposes of our opinion we adopt the factual discussion contained in the first panel's opinion, and we will focus, as do the litigants, on events which have occurred since the first appeal. Appellant's spouse entered into an agreement with the prosecution for a joint sentencing recommendation and is not a party to the instant appeal.

In addition to the tax and false reporting convictions, appellant furnished substantial misinformation on the financial statement he provided to the probation office for use in preparing the presentence investigation report and was convicted of one count of filing a false report.[3] The unreported assets were not physically brought into court due to security concerns. The judge did, however, view pictures and videotape of the assets in open court. Later, when some of the assets were in transit to be sold at auction in New York, the prosecutor invited the judge to view the assets. This was done without the knowledge or presence of appellant or his counsel.

The ex parte contact was disclosed during appellant's first sentencing hearing. After the case was remanded to the district court, appellant's counsel submitted a motion to the court requesting that Judge Whipple recuse himself. This motion was denied.

Prior to appellant's second sentencing hearing, the prosecution attempted to introduce certain "new evidence" and argued for increased sentences. Appellant moved to strike the prosecution's sentencing memorandum and the "new evidence." The court considered the motion to strike and arguments for admitting the evidence contemporaneously with the sentencing hearing.

Both appellant and his spouse were sentenced the same day. The court initially entertained argument on the "new evidence." During a recess, counsel for appellant's spouse negotiated a joint sentencing recommendation with the prosecution.[4] After the recess, the prosecution retracted its position advocating increased sentences as to both defendants.

| Count | Violation | Term | Fine |
|---|---|---|---|
| 1 | 18 U.S.C. § 371–Tax Conspiracy | 5 years | $250,000 |
| 2 | 26 U.S.C. § 7201–Tax Evasion | 5 years | 10,000 |
| 3 | 26 U.S.C. § 7201–Tax Evasion | 5 years | 100,000 |
| 4 | 26 U.S.C. § 7201–Tax Evasion | 5 years | 100,000 |
| 5 | 26 U.S.C. § 7201–Tax Evasion | 5 years | 250,000 |
| 6 | 26 U.S.C. § 7201–Tax Evasion | 5 years | 250,000 |
| 7 | 18 U.S.C. § 1001–False Reports | 5 years | 10,000 |
| 8 | 18 U.S.C. § 1001–False Reports | 5 years | 10,000 |

The total sentence on Counts 1–3 is fifteen years, to be served consecutively with each other. Counts 4–8 are to run concurrent to Counts 1–3. Minimum time served is ordered four years under 18 U.S.C. § 4205(b)(1). Total fines ordered are $980,000.

**3.** Appellant reported total personal assets of only $11,250 with total liabilities exceeding total assets by more than $300,000, excluding interest and penalties. IRS agents discovered over $3,000,000 in hidden assets—literally "buried treasure"–on and under appellant's farm, consisting of packages of money (over $300,000), gold coins, jewelry, antiques, furniture, silver, a chandelier, fur coats and Russian art, as well as equipment and fixtures stripped from the Walker home. Appellant was sentenced separately on this offense to twenty-four months and Judge Whipple ordered the sentence to run concurrently with the sentence in the instant appeal.

**4.** Appellant alleges this was done out of fear that a greater sentence would be imposed based on comments made by Judge Whipple that indicated he would likely rely on the new evidence. Mrs. Walker was due for parole shortly. Subsequent comments, however, indicate the judge believed that an increase to Mrs. Walker's sentence would have been inappropriate.

Later in the hearing, appellant called two live witnesses, a correctional chaplain and appellant's case worker, and presented the court with an affidavit from another correctional chaplain. All supported appellant's claims of good institutional behavior, rehabilitation, and so forth. Appellant's counsel then requested either a fifteen-year sentence (with parole at the discretion of the parole commission) or four years under 18 U.S.C. § 4205(b) which would permit parole after one-third of the sentence had been served.

Before imposing sentence, Judge Whipple made a record of the evidence he had considered[5] and made various other comments to which appellant now objects.[6]

## JUDICIAL DISQUALIFICATION OR RECUSAL

A judge is statutorily required to disqualify himself in certain cases of apparent or actual bias or prejudice. Apparent bias or prejudice exists where "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Actual bias or prejudice exists where a judge has "personal bias or prejudice concerning a party...." *Id.* § 455(b). The district judge is charged with a duty to probe any motion to disqualify for legal sufficiency and to avoid unnecessarily disqualifying himself. *Davis v. Commissioner*, 734 F.2d 1302, 1303 (8th Cir.1984). "A recusal or disqualification motion is committed to the sound discretion of the trial judge and the standard of review on appeal is whether the judge abused his or her discretion." *Gilbert v. City of Little Rock*, 722 F.2d 1390, 1399 (8th Cir.1983).

### 1. *Actual Bias*

█ We first consider appellant's claim of actual personal bias. Appellant argues that the ex parte contact with the prosecu-

tion, including the viewing of the "buried treasure," personally biased the judge. We will concede the viewing was extra-judicial, thus perhaps meeting the personal requirement of the statute. *Hale v. Firestone Tire & Rubber Co.*, 756 F.2d 1322, 1329 (8th Cir.1985). We do not find, however, that the judge abused his discretion by refusing to disqualify himself.

In the context of the proceedings against appellant, the judge viewed the "buried treasure" before sentencing appellant. The sentencing from which appellant now appeals was sixteen months later. The judge saw nothing new at the physical viewing; the "buried treasure" was viewed in photographs and on videotape in open court before the first sentencing while counsel was present. The judge could have brought the "buried treasure" into court but, in his discretion, elected not to because of security concerns.

Appellant asserts that improper discussions may have occurred during the ex parte meeting but points to nothing more than the judge's statements during the course of the two sentencing proceedings as evidence of bias or prejudice. The judge commented in open court that he had seen the "buried treasure" but stated that he recalled no conversation and had not anticipated the contact would be an issue in the sentencing. We are unable to conclude that bias appears to have affected the judge at the time of the sentencing.

"Affidavits based on conclusions, opinions, and rumors are an insufficient basis for recusal." *Davis*, 734 F.2d at 1303. Given the amount of time that had elapsed, the duplication between the open court and ex parte viewing, and the absence of any reasonable inference of a prejudicial ex

---

**5.** The evidence of the tax evasion scheme included: numerous false and fraudulent invoices paid by the corporation for personal services rendered to appellant, numerous payments by the corporation for personal assets, conversion of corporate assets to personal use, misappropriation of corporate funds, numerous and substantial cash transactions, fraudulent check endorsements, international money laundering, use of phantom corporate accounts, false accounting entries, theft of business records, hid-

ing and stripping of personal assets, and perjury.

**6.** Appellant refers to numerous quotes from the sentencing transcripts of Mr. and Mrs. Walker. Appellant principally points to statements expressing the judge's disgust with the Walkers' greed and lifestyle, and to the reading of excerpts from Mrs. Walker's psychiatric report into the record.

parte conversation, we hold that recusal was unnecessary.

In this circuit, we have recognized that there may be a narrow exception for prejudice and bias arising from the judge's earlier participation in a case. *Davis*, 734 F.2d at 1303; *Ouachita Nat'l. Bank v. Tosco Corp.*, 686 F.2d 1291, 1300 (8th Cir.1982). However, the "judge is presumed to be impartial, and the party seeking disqualification bears the substantial burden of proving otherwise." *Ouachita*, 686 F.2d at 1300.

Appellant points to numerous excerpts from the sentencing transcripts of appellant and his spouse, alleging they contain statements corroborative of bias. Appellant also points to the actions the judge took in response to the first panel's opinion (failing to precisely conform appellant's sentence to sentences of other tax offenders) and the general harshness of the sentence as evidence of pervasive personal bias. Appellant's evidence is insufficient to meet his burden of proof.

█ The judge's statements pointed to by appellant, reviewed in the context in which they were made, do not constitute the pervasive bias necessary for us to find that the district judge abused his discretion by refusing to disqualify himself. Even if a few of the comments may have been unnecessary, a few improper comments do not merit reversal. *Hale*, 756 F.2d at 1330.

### 2. *Appearance of Impropriety*

█ It is not necessary that there be actual bias or prejudice before disqualification is required. *United States v. Poludniak*, 657 F.2d 948, 954 (8th Cir.1981). A judge should "take into consideration all circumstances both public and private and determine if a reasonable, uninvolved observer would question the judge's impartiality." *Gilbert*, 722 F.2d at 1399. Here, the question is whether, given the aforementioned ex parte contact, "an objective, disinterested observer fully informed of

facts underlying the grounds on which recusal [is] sought would entertain significant doubt ·that justice would be done." *Union Carbide Corp. v. United States Cutting Serv., Inc.*, 782 F.2d 710, 715 (7th Cir.1986) (citations omitted).

As we stated earlier, there was a long time lapse between the ex parte contact and the resentencing, and there was duplication of evidence between the open court and out of court viewing. These are not facts that would lead a reasonable person to doubt the judge's impartiality. More than mere fear of impropriety is required before disqualification is necessary.

The judge's overall conduct does not appear to be legally oppressive or hostile. The judge's statements clearly indicate he believed appellant guilty of the crimes charged and deserving of stern punishment. But the harsh sentence does not serve in this case to corroborate appellant's claim of bias or prejudice. The judge saw the evidence and heard the testimony both exonerating and condemning the appellant, and the opinions he expressed appear consistent with the evidence before him. A defendant does not get to choose his sentencing judge nor is every judge to whom a case is reversed and remanded immediately suspect of being predisposed against a party. *See United States v. Thirion*, 813 F.2d 146, 155 (8th Cir.1987).

## ABUSIVE AND EXCESSIVE SENTENCE

The first panel remanded appellant's sentence with directions to resentence because the district court had improperly considered certain evidence [7] and had ordered improper restitution. The first panel also gave some guiding instructions regarding the sentences of appellant and his spouse. *Walker*, 896 F.2d at 307–08. The statement on which appellant most relies for reversal instructs that the sentences "should be commensurate to what others would have received for *similar* conduct" (emphasis added). *Id.* at 307. The first panel also stated, however, that "[o]ur com-

---

**7.** The previous panel concluded that in the district court's determination of sentence, after saying it did not consider that appellant's embezzlement may have bankrupted appellant's company, it did consider that relationship and sentenced based on such relationship. *Walker,* 896 F.2d at 304.

ments do not mean that we find the sentences to be an abuse of discretion or ... constitutionally infirm. In view of the [aforementioned] remand for resentencing we need not determine these issues." *Id.* We hold that the district court properly complied with the first panel's directions and instructions in the resentencing of appellant.

### 1. *Standard of Review*

We start with the proposition that reviewing courts "should grant substantial deference ... to the discretion that trial courts possess in sentencing convicted criminals." *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983). The first panel acknowledged this in its order for remand, commenting that "[w]e also stress that nothing we have said herein should detract from the general principle to which we have long adhered: that criminal sentencing is best left to the discretion of the trial judge." *Walker*, 896 F.2d at 307–08. Sentences within statutory limits are generally not subject to review unless the judge manifestly or grossly abused his discretion. *Castaldi v. United States*, 783 F.2d 119, 123 (8th Cir.1986); *United States v. Russell*, 724 F.2d 725, 726 (8th Cir.1984). Our court has adopted this approach with regard to statutorily permissible sentences issued by federal district judges. *Woosley v. United States*, 478 F.2d 139, 141 (8th Cir.1973) (en banc). Indeed, the Supreme Court has stated that "it is not the role of an appellate court to substitute its judgment for that of the sentencing court...." *Solem*, 463 U.S. at 290, n. 16, 103 S.Ct. at 3009, n. 16.

### 2. *Abuse of Discretion*

■ There is no dispute that appellant's sentence was within statutory limits. Appellant principally complains that the consecutive sentences and the four-year minimum sentence were not justified. Appellant presented favorable witnesses and affidavits at his sentencing hearing. The social history report contained character reference letters and alternative sentence recommendations. Appellant's pre-sentence investigation report showed only one prior, unrelated conviction and the report recommended a less severe sentence than appellant was given. Appellant's spouse received a lesser sentence than appellant and has since been paroled. Neither the prosecution nor the first panel could point to any other recent case involving similar tax evasion where a sentence as harsh was ordered. Appellant has also pointed out that the unreported income involved in this case was taken from his own company, and he asserts it was money to which he was entitled. Finally, appellant now argues that the consecutive sentences imposed in this case are abusive and improper.

Despite the favorable picture appellant attempts to paint, the district court and the first panel were not favorably impressed by appellant's conduct. The first panel stated:

> No one can sympathize with the Walkers' criminal actions. They fall into the unfortunate multitude of people who place personal greed and avarice above the law and their own personal integrity. Defendants' conduct, notwithstanding the fact that neither has had prior convictions, merits stern punishment. They lied to officials and the court and we are confident that this fraud is an aggravated circumstance. They deserve severe fines and sentences for their wrong doing.

*Walker*, 896 F.2d at 307.

Appellant's claim that the trial court did not adequately consider his remorse, if any, the favorable character references regarding appellant's rehabilitation, or the alternative sentencing recommendations, is not supported by the record before us and we think it is baseless. *See United States v. Moss*, 631 F.2d 105, 107 (8th Cir.1980). Likewise, the lack of a prior criminal record does not compel a lesser sentence when a criminal's scheme spans many years or the criminal commits a crime while on release. *Tyler v. Gunter*, 819 F.2d 869, 872 (8th Cir.1987). The district court may consider all reliable evidence brought before it in sentencing and may give great weight to factors such as the appellant's lying, failure to show remorse, and the overall nature of his crimes. *United States v. Ban-*

*gert,* 645 F.2d 1297, 1308 (8th Cir.1981). As we stated earlier, a judge's comments regarding his conclusions based on the evidence before him, be it regarding greed or lack of remorse, do not themselves indicate improper intent by the judge. *Id.* at 1309.

The district judge is not bound by the sentencing recommendations made in the social history or made by the parole commission. As noted, Judge Whipple read into the record the evidence he considered in determining sentence, and it is sufficient to support the punishment ordered.

■ The district court also did not abuse its discretion in light of the lesser sentence given to appellant's spouse. Mrs. Walker negotiated an agreement with the prosecutor, was considered by the district judge to be less culpable than her husband, and offered reliable evidence regarding the possible need for special psychiatric care. The fact that the district judge later had some doubts about having treated Mrs. Walker more leniently and about the validity of her psychiatric needs does not mean he abused his discretion in sentencing appellant more severely. The first panel noted its concern that Mrs. Walker was originally sentenced more harshly than her husband since she was not shown to control the company finances or to have played an instrumental role in the filing of the income tax returns. *Walker,* 896 F.2d at 307. Appellant's overall conduct was different in that he was convicted of hiding and failing to report assets to the court while on release. The district court did not abuse its discretion in determining that appellant deserved a greater sentence than his wife.

■ As to the severity of appellant's sentence generally, we will defer much of that discussion to our eighth amendment analysis below. We will say that comparable conduct which sentencing courts may consider is more than bare convictions. In identifying comparable cases for purposes of sentencing, we must identify comparable *conduct,* not merely comparable convictions. The sentences involving tax fraud brought to our attention do not closely compare to appellant's conduct. At some level, the amount of tax evaded becomes somewhat academic for comparison purposes, and the amount is not alone the key factor. The period of time over which the conduct occurred, the level of deceit, and the continuing criminal conduct of the appellant are also important factors.

We have held that punishment should be tailored to the particular criminal, not just to the severity of the crime. *Castaldi,* 783 F.2d at 124. When challenging a sentence on the grounds of coconspirator or like offender sentences, a clear and convincing case for an abuse of discretion must be made. *Id.* Such a case has not been made here.

■ The district court did not consider, and neither do we, that appellant's conduct may have contributed to the bankruptcy of his company and losses by its employees. But this does not preclude the court from considering the fact that appellant's acts may have put his employees' jobs, the company's health, and the employees' financial stake in the company at risk. Furthermore, we find no evidence in the record to support appellant's claim of entitlement to take corporate assets for his own personal use. Such behavior may not itself be a crime but it is certainly an aspect of appellant's character that the district judge was entitled to consider.

■ Finally, while consecutive sentences are rare in conspiracy cases where a defendant is convicted of both the conspiracy and the crime, they are not unheard of. *See, e.g., United States v. Chamlee,* 828 F.2d 451 (8th Cir.1987) (arson); *Castaldi,* 783 F.2d 119 (counterfeiting); *United States v. Moss,* 614 F.2d 171 (8th Cir.1980) (mail fraud); *United States v. Pulawa,* 532 F.2d 1301 (9th Cir.1976) (tax evasion). The first panel noted such a sentence was extreme but did not demand any modification on remand. *Walker,* 896 F.2d at 307, n. 27. This court has refused to hold that imposing consecutive sentences in this type of case is an abuse of discretion. *Castaldi,* 783 F.2d at 123–24.

3. *Excessive Sentence*

The eighth amendment prohibits cruel and unusual punishment. The Supreme

Court has determined that this includes grossly disproportionate sentences. *Solem*, 463 U.S. at 288, 103 S.Ct. at 3008 (a life sentence without possibility of parole for writing a bad check, even with six prior felony convictions, was grossly disproportionate); *Rummel v. Estelle*, 445 U.S. 263, 265, 100 S.Ct. 1133, 1134, 63 L.Ed.2d 382 (1980) (a life sentence with parole in twelve years for three fraud convictions involving amounts less than $121 was not grossly disproportionate). The Court has also established that reversal of harsh but statutorily authorized sentences is rare. *Id.* at 272, 100 S.Ct. at 1138. Length is usually not a meritorious basis for challenging a sentence. *Id.* at 273, 100 S.Ct. at 1138.

Despite appellant's well written and thoroughly researched brief, the Supreme Court has stated that "a reviewing court will rarely be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate." *Solem*, 463 U.S. at 290, n. 16, 103 S.Ct. at 3009, n. 16. The Court identified objective factors which should be considered, including: (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for the same crime in other jurisdictions.[8] *Id.* at 292, 103 S.Ct. at 3010. Also, we may give consideration to the availability and likelihood of parole when evaluating the disproportionality of the overall sentence. *Rummel*, 445 U.S. at 281, 100 S.Ct. at 1143; *Solem*, 463 U.S. at 294, n. 19, 103 S.Ct. at 3011, n. 19. No one factor is dispositive, *id.* at 295, 290–91, n. 17, 103 S.Ct. at 3012, 3010, n. 17, and after considering them all, we conclude that appellant's sentence is not grossly disproportionate and not constitutionally violative.

▪ As we stated earlier, the nature of appellant's crime was more than simple tax evasion as it spanned nearly a decade, required great planning and scheming, and resulted in evasion of several hundred thousand dollars in income tax. Giving due consideration to parole, the sentence is not unconstitutionally severe. The maximum sentence authorized for the convictions in the instant appeal totals forty years, and with the separate false filing conviction, even more.

This court has recently considered several modern Supreme Court and appellate court decisions where severe sentences were upheld. *See Tyler v. Gunter*, 819 F.2d 869 (8th Cir.1987). The district court established a thorough record of what evidence it considered, and based on its findings we believe that our decision today is consistent with the *Tyler* opinion and the cases it cites. We also note some other cases involving stiff sentences which are similar to this one. *Kohley v. United States*, 784 F.2d 332 (8th Cir.1986) (54–month prison term for conviction on one count of misapplying $950,000 of bank funds); *United States v. Pulawa*, 532 F.2d 1301 (9th Cir.1976) (three consecutive five year sentences for conviction on three counts of tax evasion); *United States v. Helmsley*, 726 F.Supp. 929 (S.D.N.Y.1989) (four years in prison and nearly $9 million in taxes, fines and restitution for conviction of thirty-two tax and fraud charges).

The tax evasion statistics we reviewed from appellant's jurisdiction only contained data on one conviction which might be considered similar to his. The case involved four counts of tax evasion totalling nearly 2 million dollars, and the defendant was sentenced to four years in prison. No statistics were maintained for conspiracy in this jurisdiction during the measurement period. The average prison sentence in this jurisdiction for those given prison time for tax evasion was thirty-four months and for false reports, thirty-one months.

For those given prison time, national statistics reported average prison sentences of eighteen months, thirty-four months, and thirty-eight months for conspiracy, tax evasion, and false filing, respectively. Appel-

---

**8.** The Court also noted several other minor factors, some of which are important in this case, including: culpability of the offender, violence, magnitude of loss, relationship of lesser included and main offenses, attempted crimes, role of the offender, and motive. *Solem*, 463 U.S. at 292–93, 103 S.Ct. at 3010–11.

lant's sentence and minimum time to be served appears greater than any single statistic cited here. But considering the judge's authority to give consecutive or concurrent sentences, the absence in these statistics of concurrent and consecutive sentence data, and appellant's prospects for parole, appellant's sentence appears in line with and certainly not unconstitutionally out of line with those given to others.

The *Helmsley* sentence is the most recent which might compare to appellant's. While more counts were involved and more money was involved, we do not believe this logically leads to the conclusion that appellant should receive a lesser sentence. As we stated earlier, at some point the amount of money involved becomes somewhat academic. Furthermore, the appellee suggests and we agree that there are few, if any, cases where the fraudulent scheme perpetuated to evade payment of taxes was more pervasive than appellant's scheme. Giving consideration to the many objective factors stated in *Solem* and to the result in *Helmsley*, appellant's sentence is not constitutionally violative.

Finally, for comparison purposes, both appellee and appellant analyze appellant's sentence under the new sentencing guidelines. Even though this is not a guidelines case, the comparison does provide some useful, advisory information in performing our eighth amendment review. We have considered that guideline sentences differ much from their predecessors in that prison time is more likely and granting of early release is less likely for guideline sentences.

Parties do not agree on what sentence would be given under the guidelines, and the record is insufficient for us to reconcile the differences. Regardless of whose calculations we rely on, however, when we consider present parole practices, the court's authority to issue consecutive sentences, and the evidence relied on by the district court, we do not find appellant's sentence to be grossly disproportionate to a comparable guidelines sentence.

CONCLUSION

The Supreme Court, in affirming a panel of this court in *Solem*, summarized the perplexing situation in which reviewing courts find themselves in cases such as this one:

> For sentences of imprisonment, the problem is ... one of line-drawing. It is clear that a 25–year sentence generally is more severe than a 15–year sentence [complicated by parole considerations], but in most cases it would be difficult to decide that the former violates the Eighth Amendment while the latter does not.

In affirming the sentence of the district court, we attempt to follow the directions of the first panel while giving proper deference to the discretion of the district court in sentencing.

The judgment of the district court is affirmed.