**UNITED STATES, Appellee,**

v.

**Joseph P. MURRAY, Defendant, Appellant.**

**No. 91–1108.**

United States Court of Appeals, First Circuit.

Heard July 29, 1991.

Decided Oct. 8, 1991.

George F. Gormley with whom Jackie Lynn Segel and Law Office of George F. Gormley, Boston, Mass., were on brief, for defendant, appellant.

Michael J. Pelgro, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before TORRUELLA, Circuit Judge, and HILL,[*] and BOWNES, Senior Circuit Judges.

PER CURIAM:

Joseph P. Murray was convicted for violating 18 U.S.C. § 659[1] by stealing computer parts from Computervision. The sole question for appeal is whether there was sufficient evidence for the trial court to find that the stolen merchandise constituted an interstate shipment for purposes of the statute. Appellant contends that the goods had not yet become an interstate shipment; and thus, he cannot be convicted under the statute.

The evidence must be construed in a manner most favorable to the prosecution. *United States v. Gabriner*, 571 F.2d 48, 50 (1st Cir.1978).

In September, 1982, Computervision received an order for computer parts from a service facility in Itasca, Illinois. Computervision's headquarters is located in Bedford, Massachusetts. At the Bedford headquarters, a clerk prepared a shipping order and transmitted this order to Computervision's warehouse in Woburn, Massachusetts, where the company's inventory is stored. The Woburn facility then notified Bedford that it had the required parts. A Bedford clerk then prepared a packing slip with a bill of lading and sent these documents to the Woburn warehouse.

Upon receipt of the bill of lading, the Woburn personnel gathered the parts and affixed the packing slip and bill of lading to the forty-two boxes. These boxes were then segregated from the other inventory and moved to the staging area, a loading dock where they would be loaded onto a truck that would deliver them to Logan Airport.

Computervision had intended that Burlington Air Express deliver the goods to Itasca, Illinois. Scolly Trucking Company, Burlington's agent, was supposed to transport the goods from Woburn to Burlington at Logan Airport.

Instead of a driver from Scolly, the appellant, Joseph P. Murray, appeared at the loading dock. By impersonating a Scolly driver, Murray convinced the Woburn personnel to deliver the goods to him for carriage to Illinois. Murray signed the name "Mike Kelly" to the Burlington airbill, loaded the forty-two boxes from the staging area onto his truck, and drove away. Computervision discovered the theft later that day when the real Scolly driver arrived for the parts.

---

[*] Of the Eleventh Circuit, sitting by designation.

**1.** The statute reads:
Whoever embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception obtains from any pipeline system, railroad car, wagon, motortruck, or other vehicle, or from any tank or storage facility, station, station house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air terminal, airport, aircraft terminal or air navigation facility with intent to convert to his own use any goods or chattels moving as or which are a part of or *which constitute an interstate or foreign shipment of freight* [shall be guilty of an offense]. [emphasis added].

■ The prosecution must prove that the computer parts were an interstate shipment in order to satisfy 18 U.S.C. § 659. *United States v. Bizanowicz,* 745 F.2d 120, 122, 17 Fed.R.Evid.Serv. 77 (1st Cir.1984). The test for determining whether there is an interstate nexus is a practical one based on common sense. *United States v. Crum,* 663 F.2d 771, 772 (8th Cir.1981). The evidence must be considered in a practical light, without hairsplitting legal analysis. *United States v. Henneberry,* 719 F.2d 941, 946, 14 Fed.R.Evid.Serv. 820 (8th Cir.1983), *cert. denied, Youngerman v. United States,* 465 U.S. 1107, 104 S.Ct. 1612, 80 L.Ed.2d 141 (1984); *United States v. Augello,* 452 F.2d 1135, 1141 (2d Cir. 1971), *cert. denied,* 406 U.S. 922, 92 S.Ct. 1787, 32 L.Ed.2d 122 (1972), *and cert. denied,* 409 U.S. 859, 93 S.Ct. 145, 34 L.Ed.2d 105 (1972). The statute should be interpreted in a way to effectuate congress's intent, which was to protect the flow of interstate commerce. *Bizanowicz,* 745 F.2d at 122.

■ The statute does not require literal movement in interstate commerce. *United States v. Wills,* 593 F.2d 285, 286 (7th Cir.1979), *cert. denied,* 441 U.S. 964, 99 S.Ct. 2413, 60 L.Ed.2d 1070 (1979). Neither does the statute require an irrevocable decision by the owner to ship interstate, although this would satisfy the statute. *Id.* at 287. All the statute requires is sufficient indicia of interstate commerce at the time of the theft. *Henneberry,* 719 F.2d at 946.

■ In deciding whether a shipment constitutes an interstate shipment, factors to be considered are 1) the physical location of the goods when stolen; 2) whether the goods had been delivered to a carrier at the time of the theft; 3) whether the owner of the goods had taken any steps to carry out an interstate shipment; and 4) the certainty with which interstate shipment is contemplated, as evidenced by shipping documents. *United States v. Astolas,* 487 F.2d 275, 279–80 (2d Cir.1973), *cert. denied,* 416 U.S. 955, 94 S.Ct. 1968, 40 L.Ed.2d 305 (1974), *cited with approval in Bizanowicz,* 745 F.2d at 122.

In *Astolas,* two tractor trailers were stolen before they had begun their journey in interstate commerce. 487 F.2d at 278. The trailers were loaded with supplies at the warehouse and were sealed. The trailers were then attached to tractors and moved from the loading dock to the parking lot. *Id.* at 277. Bills of lading were placed on the consoles next to the driver's seats. The trucks were waiting for their drivers when they were stolen. *Id.* On these facts, the Second Circuit found sufficient indicia of an interstate shipment. *Id.* at 282.

In *Bizanowicz,* the shipment was stolen enroute from the company headquarters to a warehouse from which the goods would have been shipped out-of-state. 745 F.2d at 122. An interstate bill of lading had been prepared at the company headquarters, and the stolen items would have left the state as soon as they arrived at the in-state warehouse. This was enough for this court to find that the prosecution had proved an interstate nexus, even though the goods had not yet been transferred to an interstate carrier. *Id.* at 123.

■ The appellant stole goods which were an interstate shipment. Computervision had done everything necessary for the goods to begin their interstate travel. Computervision had prepared a bill of lading, segregated the goods from the other inventory, and placed them on the loading dock. Computervision then delivered the goods for the commencement of interstate transportation to a person Computervision believed was the carrier. These facts are sufficient to show that the goods were an interstate shipment under 18 U.S.C. § 659.

The judgment of the district court is

*Affirmed.*