989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
IN RE: Jerome Dane HUTTON and Frances Marie Hutton, doing
business as Hutton's Welding & Auto Repair, Debtors,
Stephan H. Fox, Plaintiff-Appellant,
v.
Jerome Dane Hutton; Frances Marie Hutton, Defendants-Appellees,
THomas L. Flynn, Trustee.
 No. 92-3167.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 4, 1993.
Filed: March 15, 1993.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Stephan H. Fox appeals the district court's[1] affirmance of the bankruptcy court's[2] order denying Fox's motion for recusal. We affirm.
 
 
 2
 Fox filed an adversary complaint objecting to the debtors' discharge in bankruptcy. At the close of Fox's case, Judge Jackwig granted the debtors' motion for a directed verdict. The district court reversed and remanded the matter for a new bench trial. Fox then moved to recuse Judge Jackwig pursuant to 28 U.S.C. § 455(a). He argued that an "average person on the street might perceive a possible appearance of a lack of impartiality on the part of Judge Jackwig because of her earlier grant of a directed verdict ... in the same case."
 
 
 3
 Judge Jackwig denied the motion. She cited numerous cases in which this court has indicated that a trial judge is not required to recuse herself from presiding over a remanded matter absent the presence of other factors which give rise to an appearance of partiality. Following a second trial, Judge Jackwig denied Fox's challenge to the discharge. Fox did not appeal the merits, but appealed from the denial of his motion for recusal. The district court affirmed, asserting that there was "no reasonable basis for questioning Judge Jackwig's impartiality in the new trial on the remanded matter." Fox reiterates his argument on appeal.
 
 
 4
 We conclude that the magistrate did not abuse her discretion in denying Fox's recusal motion. See In re Hale, 980 F.2d 1176, 1178 (8th Cir. 1992). Section 455(a) provides for disqualification when a judge's impartiality might reasonably be questioned. The judge is presumed to be impartial, and the party seeking recusal bears the substantial burden of proving otherwise. United States v. Walker, 920 F.2d 513, 517 (8th Cir. 1990). "More than mere fear of impropriety is required before disqualification is necessary," id., and a judge need not disqualify herself simply because a case was remanded to her by an appellate court. See United States v. Hollis, 718 F.2d 277, 280 (1983), cert. denied, 465 U.S. 1036 (1984). Fox's argument that Judge Jackwig might appear partial because of her earlier ruling lacks merit and is insufficient to carry his burden of proof under section 455.
 
 
 5
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa
 
 
 [2]
 The Honorable Lee M. Jackwig, Chief Judge, United States Bankruptcy Court for the Southern District of Iowa